In the Supreme Court of Texas

RECEIVED
IN SUPREME COURT
OF TEXAS
MAY 2 1 2018
BLAKE HAWTHORNE, Clerk
BY_____Deputy

Re: In the Matter of J.M.W., a juvenile
Case number: 17-0418
Court of Appeals number: 12-17-00068-cv
Trial Court number: 003-0433-00

Motion for Rehearing

To the Honorable Court:
Greetings,

My name is John Mark Wilson (TDCJ #1104169). I am the Relator in the above styled case. I'm submitting this motion for rehearing for the following reasons:

I. The trial court did not safeguard my rights as a juvenile, which deprived me of a fundamentally fair adjudication and disposition.

II. I am challenging the jurisdiction of the trial court to impose a determinate sentence because the trial court did not have a properly obtained certification of grand jury approval.

III. My counsel at trial was clearly ineffective. He filed no motions or objections on my behalf, coerced me to waive all of my rights, and allowed the trial court to railroad me without the appropriate jurisdiction.

IV. The trial court did not have jurisdiction to transfer me to TDCJ, since such a transfer requires a properly obtained certification of grand jury approval.

I. My counsel at the transfer hearing was ineffective and ill-prepared.

II. The trial court severely mishandled my petition for habeas corpus by sending it to the Court of Criminal Appeals, which has no jurisdiction over juvenile matters, when the trial court knew that jurisdiction lied with the district court. This deprived me of the rights to post-conviction remedy.

VII. The Court of Appeals denied my out-of-time appeal by saying that I must have permission from the Court of Criminal Appeals, when that Court has no jurisdiction over juvenile matters.

VIII. I was forced to make all of my filings pro se, with only the vaguest help, because TDCJ's law libraries are set up to assist with criminal matters and have little on civil matters concerning juveniles. What

they do have is badly out of date. I'm not a lawyer. What I've been able to learn has been through trial and error, with feedback from the courts.

In summary, my rights have been denied to me from the start of this case. The jurisdiction of the trial court, the mishandling of my petition for habeas corpus, and the denial of my out-of-time appeal were all proven erroneous. My complaints are all based on clear points of law and well supported by case law.

IX. A Note on Time

The information I recieved from the Clerk's Office showed that this motion was due on May 14, 2018. The letter was postmarked on 5/8/18 and I did not receive it until 5/14/18. I have included the mailroom pass as evidence. Since this does not allow me to write and submit this motion by the date given, I'm asking this Court to graciously extend the time limits and accept this motion as timely filed.

X. Prayer

I pray that this Court accepts my motion and grants a rehearing on my petition for habeas corpus.

Respectfully submitted,
John Wilson TDCJ# 1104169
John Wilson, pro se relator, 5/15/18

Exhibit A
    TDCJ's "Notification to Come By Mail Room" (I-152)

Certificate of Service

I, John Wilson, do hereby certify that this Motion for Rehearing was sent on May 15, 2018 by U.S. Mail to The Supreme Court of Texas at P.O. Box 12248, Austin, Texas 78711.

Respectfully submitted,
John Wilson  TDCJ#1104169
John Wilson, pro se relator

1-5-10

# NOTIFICATION TO COME BY MAIL ROOM

Eastham UNIT

Inmate Name Wilson, John  Date 5-11-18

Inmate No. 1104109

The above named inmate is required to come to the mail room

430-500 5-14-18

(Date and Time)

regarding the following matter:

_____ Questionable Correspondence

_____ Questionable Publication

_____ Package

__X__ Legal, Special, or Media Correspondence

_____ Other

Inmate's Signature _____ Date _____

Notifying
Officer's Signature _____ McDonald

Original—Return to unit mail room.
Copy—Give completed copy to inmate.

☆I-152